ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| HK&S Construction Holding Corp. | ) ASBCA No. 60164 |
| | ) |
| Under Contract No. W912WJ-14-C-0020 | ) |

APPEARANCES FOR THE APPELLANT:      John A. Dorsey, Esq.
                                        W. Mark Russo, Esq.
                                           Ferrucci Russo P.C.
                                         Providence, RI

APPEARANCES FOR THE GOVERNMENT:    Michael P. Goodman, Esq.
                                          Engineer Chief Trial Attorney
                                         Ryan T. Killman, Esq.
                                         Engineer Trial Attorney
                                         U.S. Army Engineer District, New England

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL

FINDINGS OF FACT

In September 2014, the government contracted with appellant for repairs to a breakwater – which the parties also call a "jetty" – that sticks out from a beach on Block Island, Rhode Island (R4, tab 2; tr. 1/30). Most of the job consisted of stone work (R4, tab 2 at 3-8). The contract required completion of the work, including demobilization, by March 31, 2015 (*id.* at 19, § 1.1(d)). Some of the areas within the limits of the work were under the control of the Block Island town of New Shoreham; the government coordinated agreements with the town for appellant to be able to access those areas (tr. 1/70-72). On March 13, 2015, the government sent appellant a "show cause" letter advising that it was considering terminating the contract for default because of appellant's "failure to perform within the time required by the terms of [the contract]" (R4, tab 10 at 1). In response, on March 23, 2015, appellant made a number of excuses, including arguing that it was entitled to seven days of delay due to bad weather, and concluded by telling the contracting officer that it would not be able to complete the work until May 30, 2015 (R4, tab 11 at 4).

In April 2015, appellant agreed with the government to extend the performance period to May 1, 2015, through a bilateral contract modification (R4, tab 13 at 1-2). A few days before that agreement, the contracting officer told appellant that she was "currently pursuing additional extensions of real estate agreements beyond 1 May 2015 with the town" but that the town was "extremely hesitant to grant any extensions without additional information/assurances" (R4, tab 12 at 1-2). The contracting officer

concluded that she did "not contemplate further period of performance extensions," and that although her office would "continue to explore the possibility of additional extensions to the real estate agreements beyond 1 May 2015," appellant *"must be prepared to be fully demobilized by 1 May 2015, if no extensions are possible"* (*id.* at 5 (emphasis added)). May 1, 2015, came and went, without completion of the work (tr. 1/222, 228; app. br. at 8, ¶ 27). The crane used by appellant broke on May 10, 2015, and was never repaired (tr. 1/203-04). On June 5, 2015, the work still not completed (app. br. at 9, ¶ 36), the government terminated the contract for default (R4, tab 1).

## DECISION

Appellant wants us to convert the default termination to one for the convenience of the government. Appellant did not complete the work by May 1, 2015, but appears to be saying that the government has not proven default because the contracting officer (it says) decided to terminate the contract for default without fully analyzing how much work was left to do and how much time had been lost to weather delays (app. br. at 10-11, 13). We disagree. Because appellant did not complete the work by the May 1, 2015, contract completion date, appellant defaulted. *See Truckla Services, Inc.*, ASBCA Nos. 57564, 57752, 17-1 BCA ¶ 36,638 at 178,444. However the contracting officer arrived at her termination decision, the government may rely upon appellant's failure to do its job to justify the termination. *See Joseph Morton Co. v. United States*, 757 F.2d 1273, 1277 (Fed. Cir. 1985); *see also DCX, Inc. v. Perry*, 79 F.3d 132, 135 (Fed. Cir. 1996) (holding that factors contracting officers must consider before terminating contracts are not prerequisites to a valid termination).

Now it's up to appellant to demonstrate that its default is excused. *See Joseph Sottolano*, ASBCA Nos. 59081, 60043, 16-1 BCA ¶ 36,315 at 177,065. Appellant says, citing *DeVito v. United States*, 413 F.2d 1147 (Ct. Cl. 1969), that the government waived the completion date by allowing it to work for about a month beyond the May 1, 2015 contract completion date (app. br. at 19-20). But this was a construction contract, to which the *DeVito* waiver would not normally apply (something appellant does not address), and we find no unusual circumstances that might trigger its application here (app. br. at 19-24; app. supp. br. at 3-5). *See BYA International, LLC*, ASBCA No. 57608, 13 BCA ¶ 35,196 at 172,696 (discussing inapplicability of *DeVito* waiver absent unusual circumstances). Although appellant focuses (app. supp. br. at 3) on the contracting officer's statement that she would continue to explore the possibility of additional real estate agreement extensions with the town "beyond 1 May 2015," that was before the parties agreed to the May 1, 2015 contract completion date. Even so, the contracting officer in the same letter also warned appellant that it "must be prepared to be fully demobilized by 1 May 2015, if no [such] extensions are possible," indicating that she did not intend to waive the May 1, 2015 contract completion date.

Although appellant complains that it was delayed by weather, difficulties obtaining stone, problems with local municipal authorities, and the breakdown of a crane,

it makes no effort to demonstrate how any of those issues delayed the project's critical path, preventing completion of the work even by June 5, 2015, the termination date, much less the extended May 1, 2015 contract completion date to which appellant agreed *after* encountering most of these issues[*] (app. br. at 19-26; app. supp. br. at 5-6)). *See Creative Times Dayschool, Inc.*, ASBCA Nos. 59507, 59779, 16-1 BCA ¶ 36,535 at 177,984 (explaining how to show that delaying items delayed project completion). Appellant fails to demonstrate that its default is excused.

The appeal is denied.

Dated: February 19, 2019

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur                                                 I concur

RICHARD SHACKLEFORD                  J. REID PROUTY
Administrative Judge                          Administrative Judge
Acting Chairman                                 Vice Chairman
Armed Services Board                         Armed Services Board
of Contract Appeals                            of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60164, Appeal of HK&S Construction Holding Corp., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

---

[*] The breakdown of the crane (which was appellant's equipment and, thus, its responsibility) occurred after the May 1, 2015 contract completion date.

3